UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASYMMETRX MEDICAL, INC, )<br>ASYMMETRX, INC., )<br>FRANK McKEON, PETER McKEON, )<br>ANNIE YANG WEAVER, )<br>NANA YAMAMOTO, and )<br>MATTHEW VINCENT, )<br>)<br>        Plaintiffs, )<br>   v. )<br>)<br>MARIA McKEON and JUN LIU, )<br>)<br>        Defendants. ) | CIVIL ACTION<br>NO. 11-11079-NMG |

**REPORT AND RECOMMENDATION ON THE DEFENDANTS'
MOTIONS TO DISMISS THE AMENDED COMPLAINT**

March 5, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on the motions of the defendants Maria McKeon

("Ms. McKeon") (Docket No. 11) and Jun Liu ("Dr. Liu") (Docket No. 36)[1] to dismiss

---

[1] Dr. Liu has joined Ms. McKeon's motion to dismiss Count I (declaratory judgment), as that is the only count directed to Dr. Liu. In addition to objecting to Dr. Liu's motion to dismiss for the same reasons as they object to Ms. McKeon's motion, the plaintiffs contend that Dr. Liu's motion should be denied because it only incorporates Ms. McKeon's memorandum by reference, and does not include separate supporting documents as required by Local Rule 7.1(B)(1). (See Opp. (Docket No. 40)). Since Dr. Liu is appearing pro se, and there would be no benefit to the court to have another set of pleadings addressing the same issues as those raised in connection with Ms. McKeon's motion to dismiss, this court recommends that Dr. Liu's express reference to Ms. McKeon's pleadings be deemed sufficient to comply with L.R. 7.1(B)(1).

portions of the First Amended Complaint ("FAC").[2]  These motions raise many of the same issues as raised by the plaintiffs in their Motion for Partial Summary Judgment. (Docket No. 15).  On March 2, 2012, this court issued a Report and Recommendation ("R&R") recommending that the plaintiffs' motion for partial summary judgment be denied.  (Docket No. 41).  This R&R assumes familiarity with and incorporates by reference the summary judgment R&R.

Consistent with their position that the plaintiff AsymmetRx, Inc. ("AI") and the later incorporated Asymmet Rx Medical, Inc. ("AMI") "are for all intents and purposes one in the same," the plaintiffs have referred to them collectively throughout the complaint as "AsymmetRx."  (FAC at Introduction).  Ms. McKeon[3] has attempted to delineate the distinction between the two companies by moving to dismiss various counts of the complaint pursuant to Fed. R. Civ. P. 12(b)(1), to the extent that they are brought on behalf of AMI, on the grounds that the challenged conduct really relates to AI, and that AMI lacks standing to assert the claims.  She then argues that these counts, as brought by AI, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because she is the sole officer and director of AI, and AI's Board of Directors has not authorized the suit.

---

[2] The defendants have not moved to dismiss Count VII of the FAC, which purports to be a claim of defamation by Frank and Peter McKeon against Maria McKeon.  (See MM Mem. (Docket No. 12) at 3 n.3).  There is no Count VIII in the FAC.  The defendants have moved to dismiss all other counts.

[3] For convenience sake, this court will refer only to Ms. McKeon since Dr. Liu has only joined in the motion to dismiss Count I.  However, this court's analysis as to Ms. McKeon's motion applies equally to Dr. Liu's motion.

Unfortunately, Ms. McKeon's blanket approach in the motion to dismiss has further complicated a complicated situation. As detailed in the summary judgment R&R, this court agrees that, to date, the plaintiffs have not put forth undisputed facts or any legal theory which would justify treating AI and AMI as legally one in the same. However, it is not clear whether, following a trial, a factfinder may find, for example, that Ms. McKeon agreed to the continuation of AI's business as AMI and/or whether Ms. McKeon will be found to have an ownership interest in AI, AMI, or both. Depending on the outcome of these and other factual disputes, some of the counts of the FAC could be brought by either or both AI and AMI, thereby negating the premise of Ms. McKeon's standing argument that all the counts which refer to AsymmetRx can only relate to AI. In addition, to the extent that the claims could be brought by AI, this court does not agree that they should be dismissed. Rather, the shareholders of AI could bring a derivative action without making a demand on the Board of Directors prior to commencing the litigation, as it is clear that such a demand would be futile.

Therefore, this court does not find all of the defendant's arguments in support of the motion to dismiss to be persuasive. Nevertheless, given the way the complaint is presently pleaded, the defendants (and the court) are left to speculate as to whether each claim is being asserted by AMI as the alleged successor to AI or on its own behalf, and as to the factual basis for each claim. Therefore, this court recommends to the District Judge to whom this case is assigned that the motions to dismiss be allowed without prejudice,

and that the plaintiffs be ordered to file an amended complaint making it clear which counts are being pursued by AI, which are being pursued by AMI, and the factual basis for each.

Ms. McKeon also has moved to dismiss the claims made by individual shareholders against her on the grounds that they are not individual claims, but rather belong to the corporation. This court disagrees. The complaint states a claim for breach of duties owed by shareholders to each other, and this court concludes that this is not a basis for dismissing these claims.

Ms. McKeon has moved to dismiss Count XI of the complaint, which purports to allege a violation of Mass. Gen. Laws ch. 93A, on the grounds that the claim is outside the scope of the statute. Since the conduct complained of in this count relates to Ms. McKeon's activities in connection with the parties' joint business venture, this court agrees that it involves an intra-corporate dispute that is not covered by Chapter 93A. Therefore, this court recommends that Count XI of the FAC be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, in Count I of the FAC, the plaintiffs are seeking a declaratory judgment that (i) Ms. McKeon owns no stock or other interest in "AsymmetRx," (ii) Ms. McKeon's alleged violation of Connecticut Rule of Professional Conduct 1.8 precludes her from having an ownership interest in "AsymmetRx," (iii) if Ms. McKeon has an ownership interest, it does not exceed 17.5%, (iv) Jun Liu owns no stock or other other interest in

"AsymmetRx," and (v) Ms. McKeon is not entitled to any compensation and, in any event, any claim for compensation is time-barred. For the reasons detailed in the summary judgment R&R, any violation of Connecticut Rule of Profession Conduct 1.8 would not preclude Ms. McKeon from having an ownership interest in either AI or AMI, and, therefore, that claim should be dismissed. The remaining requests in Count I should be repleaded to make it clear whether they relate to AI, AMI, or both, but they otherwise state a claim for declaratory relief.

In sum, and for the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the motions to dismiss be allowed without prejudice, and that the plaintiffs be permitted to file an amended complaint consistent with this opinion.

## II. STATEMENT OF FACTS

This court incorporates by reference the Statement of Facts contained in the summary judgment R&R, which will not be repeated here. Those facts focus on the underlying disputes between the parties. This section will address the facts significant only to the motions to dismiss.

As originally filed in State Court, the only plaintiff in this action was "Asymmetrx Medical, Inc., formerly Asymmetrx Inc." and the only defendant was Maria McKeon. (See Docket No. 5 (state court record)). After removing the case to this court on the basis of diversity jurisdiction, Ms. McKeon moved to dismiss the complaint on the grounds that

"the Complaint purports to assert the rights of a third party, AsymmetRx, Inc., which, contrary to the allegations set forth in the Complaint, has a separate and independent existence as a corporation from AsymmetRx Medical. As such, AsymmetRx Medical lacks standing to assert the claims set forth in the Complaint, which belong exclusively to AsymmetRx, Inc., and consequently this court lacks subject matter jurisdiction over this action." (Docket No. 7). In response, the plaintiffs filed the FAC which is presently the subject of the motions to dismiss. (Docket No. 9).

The present plaintiffs include AI and AMI. According to the plaintiffs, AMI "was formed in June of 2008 and took the place of AI – a Delaware corporation which was formed on May 16, 2001." (FAC ¶ 3). AI and AMI are collectively referred to in the FAC as "AsymmetRx." (FAC at Introduction). The remaining plaintiffs are Peter McKeon ("Mr. McKeon"), who is described as "a shareholder and the president of AsymmetRx" (FAC ¶ 7); Frank McKeon ("Dr. McKeon"), who is described as "a shareholder of AsymmetRx" (FAC ¶ 8); and Dr. Annie Yang Weaver, Matthew Vincent and Nana Yamamoto, who are each described as being "a shareholder of AsymmetRx" and as being "a party to this action because the Court might not be able to accord complete relief among the other parties in [her/his] absence." (FAC ¶¶ 10-12). There is no shareholder agreement confirming the identity or stock distribution among the shareholders of either AI or AMI, and the identity of the shareholders as well as the percentages of their ownership are in dispute. (See FAC ¶ 28; S.J. R&R at 24).

6

It is alleged in the FAC that the defendant Maria McKeon "was involved in the incorporation of AI [and] provided legal advice to AsymmetRx," but "does not rightfully own any shares of stock in AsymmetRx, nor does she own or hold, in any capacity, an equity stake in AsymmetRx." (FAC ¶¶ 9, 29). Moreover, although Ms. McKeon "organized AI as a Delaware corporation and, in so doing, registered herself as the sole officer and identified herself as the sole shareholder of AI[,]" she allegedly lacked permission to do so. (FAC ¶¶ 23, 25). As detailed in the summary judgment R&R, Ms. McKeon rejects these assertions, and contends that she is a shareholder and the sole officer and director of AI.

The defendant Dr. Liu is described as being "a party to this action because he claims an interest relating to the subject of the action and the Court's disposition of this action in his absence would put at risk Dr. Liu's ability to protect his claimed interest." (FAC ¶ 13). It is alleged in the FAC that Dr. Liu "separated" from AsymmetRx in 2006 and agreed to relinquish any interest he may have had in the company. (FAC ¶¶ 42-43). As noted above, the plaintiffs are seeking a declaration that Dr. Liu "owns no stock or other interest, in any capacity, in AsymmetRx[.]" (FAC ¶ 107(iv)). Again, as detailed in the summary judgment R&R, Dr. Liu contends that he retains an ownership interest in AI.

As detailed above, Count I of the FAC seeks a declaratory judgment. It purports to be brought by "all plaintiffs" against "all defendants." Counts II (breach of fiduciary duty), IV (interference with advantageous relations), V (embezzlement), VI (negligence

7

(legal malpractice)), IX (replevin), X (recission) and XI (unfair and deceptive acts and practices) purport to be brought by "AsymmetRx" against Ms. McKeon. These will be referred to herein collectively as the "AsymmetRx Counts." Count III purports to state a claim for breach of fiduciary duty, and it is brought by Dr. and Mr. McKeon against Ms. McKeon. Count VII, the defamation claim, is not presently at issue, and there is no Count VIII. (See note 2, supra).

### III. ANALYSIS

#### A. Lack of Standing - Fed. R. Civ. P. 12(b)(1)

Ms. McKeon has moved to dismiss the AsymmetRx Counts, to the extent that they were brought by AMI, on the grounds that the claims actually relate only to Ms. McKeon's conduct vis-a-vis AI, and AMI does not have standing to assert AI's claims.[4] For the reasons detailed in this court's summary judgment R&R, the plaintiffs have failed to establish that the undisputed facts warrant a determination that AI and AMI are legally one corporation. In this court's view, any further decision regarding the relationship between the two companies should await a trial on the merits. To clarify the issues, however, this court recommends that the plaintiffs be ordered to file an amended complaint defining which corporation is pursuing each claim, and which facts relate to each claim.

---

[4] Specifically, Ms. McKeon has moved to dismiss Counts I, II, IV, V, VI, IX, X and XI, to the extent they are brought on behalf of AMI, for lack of subject matter jurisdiction due to AMI's lack of standing.

8

Ms. McKeon has framed the issue of the relationship between AI and AMI as one of standing, and has moved to dismiss the Counts of the Complaint brought in the name of "AsymmetRx" for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001) ("The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)"); U.S. v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992) ("If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case."). The issue whether AI and AMI are "legally one in the same" so that AMI can pursue claims relating to Ms. McKeon's conduct towards AI involves the resolution of disputed facts. While all the parties agree that this court can consider extrinsic evidence in connection with the 12(b)(1) motion to dismiss, this court concludes that a trial on the merits is necessary.

As the First Circuit explained in Torres-Negron v. J & N Records, LLC, 504 F. 3d 151 (1st Cir. 2007):

> There are two types of challenges to a court's subject matter jurisdiction: facial challenges and factual challenges. Facial attacks on a complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in plaintiff's complaint are taken as true for purposes of the motion. However, when a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) involves factual questions, the court engages in a two-part inquiry.
>
> First, the court must determine whether the relevant facts, which would determine the court's jurisdiction, also implicate elements of the plaintiff's cause of action. See Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256,

> 1261 (11th Cir. 1997) ("On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of the plaintiff's cause of action."). Where the jurisdictional issue and substantive claims are so intertwined the resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment. Thus, where the relevant facts are dispositive of both the 12(b)(1) motion and portions of the merits, the trial court should grant the motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. If the plaintiff presents sufficient evidence to create a genuine dispute of material (jurisdictional) facts, then the case proceeds to trial, so that the factfinder can determine the facts, and the jurisdictional dispute will be reevaluated at that point.
>
> Second, if the facts relevant to the jurisdictional inquiry are not intertwined with the merits of the plaintiff's claim, the trial court may proceed as it never could under 12(b)(6) or Federal Rule of Civil Procedure 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

Id. at 162-63 (internal footnote, punctuation, quotations and citations omitted).

In the instant case, it is clear that the defendants have raised a factual challenge to the allegations of the complaint. It is also clear that the resolution of the issues raised by the motion to dismiss, including whether Ms. McKeon had any relationship to AMI, is intertwined with the merits of the case. Specifically, this court agrees that, as a matter of corporate law, AI and AMI are separate corporations, and the plaintiffs have not proffered any theories which would warrant the court to disregard the corporate distinctions as a matter of law. However, the plaintiffs have alleged that Ms. McKeon knew about AMI from the outset and at least implicitly consented to its formation. (See,

10

e.g., FAC ¶ 78). They also allege that Ms. McKeon knew about and consented to Mr. McKeon serving as President of AI and signing contracts on AI's behalf. (See, e.g., FAC ¶¶ 52-53). As a general statement, it is the plaintiffs' contention that, regardless of corporate formalities, Ms. McKeon knew and approved of AMI continuing the business of AI and of the plaintiffs' plans to have the companies act interchangeably. (See S.J. R&R at 14). If the plaintiffs were to prevail on this (hotly contested) theory, and Ms. McKeon were to prevail on her (hotly contested) theory that she is a shareholder of AI, the end result could be that Ms. McKeon is a shareholder of both corporations and owes duties to both, even if they retain their separate corporate status. These are among the issues which have to be resolved at trial, and do not warrant dismissal of the case at this juncture for lack of subject matter jurisdiction. On the other hand, more specificity in the complaint would assist the parties and the court in proceeding with the case. Therefore, this court recommends that the plaintiffs be ordered to amend the complaint to define in which company's name they are pursuing their claims and the factual basis for each claim.

### B. 12(b)(6) Motion to Dismiss AI's Claims

Ms. McKeon has moved to dismiss the AsymmetRx Counts to the extent that they are brought on behalf of AI pursuant to Fed. R. Civ. P. 12(b)(6). As grounds therefore, Ms. McKeon contends that the claims were not brought with the authorization of the directors of AI and therefore cannot be maintained. For the reasons detailed herein, this court finds this argument unpersuasive.

"As a general principle, the board of directors, not the shareholders, manages the business and affairs of a Delaware corporation. Shareholders, however, can seek redress in derivative actions for torpid or unfaithful management. Because a derivative action, by its very nature, impinges on the managerial freedom of directors, Chancery Rule 23.1 operates as a threshold to insure that plaintiffs exhaust intracorporate remedies and protect against strike suits." Postorivo v. AG Paintball Holdings, Inc., Civil Action Nos. 2991-VCP, 3111-VCP, 2008 WL 553205, at *4 (Del. Ch. Feb. 29, 2008) (footnotes omitted). Thus, "[t]o preserve the board's authority over ordinary business decisions, a plaintiff who initiates a derivative action must before the commencement of the action either demand that the corporate board take up the litigation itself or, in the alternative, demonstrate in a complaint why such a demand would be futile." In re INFOUSA, Inc. Shareholders Litig., 953 A.2d 963, 984-85 (Del. Ch. 2007) (footnote omitted). Chancery Rule 23.1 requires that a plaintiff plead the factual basis for futility with particularity, and "[v]ague or conclusory allegations" of futility will not suffice. Id. at 985. In particular, Rule 23.1 provides in relevant part:

> (a) In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains . . . . The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

In the instant case, the allegations of the FAC are sufficient to establish that it would have been futile for the plaintiffs to demand that Ms. McKeon commence the instant litigation. It is well established that "a plaintiff can show that a director is unable to act objectively with respect to a pre-suit demand" by showing that a "director is personally interested in the outcome of the litigation, in that the director will personally benefit or suffer as a result of the lawsuit." In re INFOUSA, Inc. Shareholders Litig., 953 A.2d at 985. Similarly, the futility of a demand may be established "by well pleaded facts demonstrating that the director will be exposed to liability as a result of the derivative claim." Conrad v. Blank, 940 A.2d 28, 37 (Del. Ch. 2007). In the instant case, the complaint is replete with factually allegations concerning the plaintiffs' alleged attempts to have Ms. McKeon perform her obligations as an officer and director of AI and her alleged failure to do so. It is also replete with allegations which may expose Ms. McKeon to liability if established at trial. Without expressing any opinion as to the likely outcome of this litigation, this court finds that the allegations of the FAC are sufficient to establish that a demand was not necessary before the (alleged) shareholders could bring suit on behalf of AI. Therefore, this court recommends that to the extent Ms. McKeon's motion to dismiss is premised on her contention that AI's claims against her should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), it should be denied.

### C. <u>Motion to Dismiss the Individual Shareholder Claims</u>

Ms. McKeon contends that the breach of fiduciary duty claims asserted by Dr.

13

McKeon and Mr. McKeon in Count III of the FAC, and their individual claims in Count I "seeking forfeiture of Ms. McKeon's interest" in AI, are claims that must be asserted by the corporation and cannot be asserted by them individually, so they should be dismissed. (See Reply Mem. (Docket No. 22) at 9). This court disagrees and recommends that the motion to dismiss be denied on this basis.

Under Delaware law,[5] when a plaintiff asserts an individual claim of breach of fiduciary duty, the relevant test a court must apply is as follows: "Looking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation?" Agostino v. Hicks, 845 A.2d 1110, 1122 (Del. Ch. 2004) (footnote omitted). Applying this principle to the instant case compels the conclusion that the individual shareholders are pursuing individual claims.

As a threshold matter, shareholders in a closely-held corporation owe each other a fiduciary duty. See In re Uniflex, Inc., 319 B.R. 101, 106 (Bankr. D. Del. 2005) (asserting that "a shareholder, officer and director of a closely held corporation, is under a duty 'to deal fairly, in good faith and with loyalty' to the corporation and other shareholders.") (quoting Am. Fed. Group, Ltd. v. Rothenberg, 136 F.3d 897, 905-06 (2d

---

5  For the reasons detailed in the summary judgment R&R, this court concludes that Delaware law applies to this case involving questions of internal corporate affairs. However, the same result would be reached under Massachusetts law, which also recognizes that fiduciary duties exist between shareholders of a closely held corporation. See Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 593, 328 N.E. 505, 515 (1975).

14

Cir. 1998) (internal citations omitted)); In re Trim-Lean Meat Prods., Inc., 4 B.R. 243, 247 (Bankr. D. Del. 1980) ("The law of corporate opportunity, grounded as it is in notions of fiduciary duty, is equally applicable to closely held corporations."). Thus, assuming that they are all shareholders, Ms. McKeon owed a fiduciary duty to both Mr. and Dr. McKeon.

In order to determine whether a stockholder's claim is derivative or direct, the court must look at "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" Tooley v. Donaldson, Lufkin, & Jenrette, Inc., 845 A.2d 1031, 1033 (Del. 2004). See also Kramer v. Western Pacific Indus., Inc., 546 A.2d 348, 351 (Del. 1988) (requiring that shareholders who wish to bring forward an individual claim "must allege more than an injury resulting from a wrong to the corporation."). Here, the individual plaintiffs have alleged that Ms. McKeon has deprived them of the stock to which they are entitled. (See, e.g., FAC ¶¶ 23, 25, 33). She allegedly has done this by not only claiming to be the sole shareholder and failing to provide the individual plaintiffs with evidence of their stock ownership, but also by claiming more that 17.5% of the stock which, according to the plaintiffs, is the most to which she could be entitled under any agreement between the parties. (See FAC ¶ 107(iii)). Since their percentage of stock ownership affects each plaintiff individually, and not AI as a corporation, these claims can be pursued as individual actions. See

Agustino, 845 A.2d at 1118 (stockholder may pursue an individual claim "involving a contractual right of a shareholder which exists independently of any right of the corporation."). The individual shareholders have been harmed, and the individual shareholders would receive the benefit of any recovery reallocating the stock. These claims can go forward as individual claims.

        D.      **Unfair and Deceptive Acts and Practices**

Ms. McKeon has moved to dismiss Count XI of the FAC, in which the plaintiffs allege that she violated Mass. Gen. Laws ch. 93A, on the grounds that the conduct at issue occurred within a single enterprise or venture, and that it is not, therefore, within the scope of Chapter 93A. This court agrees that this count fails to state a claim and should be dismissed.

Mass. Gen. Laws ch. 93A, § 11 provides in relevant part: "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice . . . may . . . bring an action in the superior court . . . ." To determine whether Mass. Gen. Laws ch. 93A, § 11 applies as a threshold matter, the court must consider "whether there was a commercial transaction between a person engaged in trade or commerce and another person engaged in trade or commerce such that they were acting in a 'business context.'" Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547,

563, 887 N.E.2d 244, 259 (2008). In the instant case, the plaintiffs have not alleged the existence of a commercial transaction in the sense required by Chapter 93A.

"It is well established that disputes between parties in the same venture do not fall within the scope of G.L. c. 93A, § 11." Szalla v. Locke, 421 Mass. 448, 451, 657 N.E.2d 1267, 1269 (1995), and cases cited. Rather, Mass. Gen. Laws ch. 93A, § 11 is "intended to apply only to dealings between legally separate 'persons' engaged in arms-length transactions, and not to dealings between members of a single legal entity[.]" Newton v. Moffie, 13 Mass. App. Ct. 462, 467, 434 N.E.2d 656, 659 (1982) (footnote omitted). Intra-enterprise disputes include "'disputes stemming from an employment relationship . . . and transactions and disputes between parties to a joint venture and between fellow shareholders.'" Milliken & Co., 451 Mass. at 564, 887 N.E.2d at 259 (quoting Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 22 n.33, 679 N.E.2d 191). Here, plaintiffs' Chapter 93A claim against Ms. McKeon relates solely to her conduct in connection with the parties' joint business venture. The plaintiffs are challenging actions undertaken by Ms. McKeon under the auspices of her alleged position as a shareholder, officer and director of AI. Such conduct does not support a 93A claim.

The plaintiffs argue that even if the parties had been involved in an intra-enterprise dispute, they still can maintain a Chapter 93A claim against Ms. McKeon because Ms. McKeon resigned from AI in 2007. (Opp. (Docket No. 13) at 20). However, as detailed in the summary judgment R&R, a disputed issue of fact exists as to whether Ms. McKeon

17

actually resigned from her positions and ceased involvement with the corporation at that time. Moreover, even if it were assumed that she voluntarily left the company in 2007, the dispute here involves the parties' roles in a joint business venture. There is no contention that the parties were involved in any other independent business dealings which would come within the purview of Chapter 93A after 2007.

Plaintiffs also contend that their 93A claim is based on Ms. McKeon's role as counsel to the corporation. (Opp. at 20). Not only is this a very limited reading of the FAC, but it also does not alter the fact that Ms. McKeon's role as incorporator of AI forms the crux of the complaint, regardless whether she served as the incorporator due to her role as counsel or otherwise. The plaintiffs are challenging Ms. McKeon's alleged failure to distribute the work and ownership of the corporation appropriately, and her conduct in listing herself as the sole officer, director and shareholder of AI. This is not a case where an attorney's conduct in an arms-length transaction is being challenged. Consequently, the cases relied on by the plaintiffs, in which courts have upheld Chapter 93A claims against an attorney, are inapplicable. See Pytka v. Hannah LLP, 15 Mass. L. Rptr. 451, 2002 WL 31862712, at *10 (Mass. Super. Nov. 12, 2002) (cited by plaintiffs) (finding that clients may bring 93A claims against outside attorneys who have represented them in a business transaction, but not addressing situation where attorney was directly involved in client's actual business); Zichelle v. Parigian, 22 Mass. L. Rptr. 125, 2006 WL 4114290, at *10 (Mass. Super. Dec. 22, 2006) (cited by plaintiffs) (finding that

18

attorney who represented plaintiff, but had no involvement in the business of plaintiff's development project, had violated Chapter 93A). Because this case presents a classic intra-corporate dispute, the plaintiffs' claim under Chapter 93A should be dismissed.

### E. Violation of Connecticut Rule of Professional Conduct 1.8

Finally, as noted above, the plaintiffs are seeking a declaratory judgment that Ms. McKeon's alleged violation of Connecticut Rule of Professional Conduct 1.8 precludes her from having any ownership interest in AI or AMI. (FAC ¶ 107(ii)). For the reasons detailed in the summary judgment R&R, however, this court finds that a violation of her ethical obligations, if any, would still not form a basis for civil liability against Ms. McKeon. See, e.g., Noble v. Marshall, 23 Conn. App. 227, 231, 579 A.2d 594, 596 (1990) (violation of ethical rule does not state a basis for a claim of unfair or deceptive acts or practices). Therefore, this court recommends that this claim be dismissed.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the motions to dismiss (Docket Nos. 11 and 36) be allowed without prejudice, and that the plaintiffs be ordered to file an amended complaint consistent with this decision.[6]

---

6 The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such

                                                       / s / Judith Gail Dein  
                                                       Judith Gail Dein  
                                                       United States Magistrate Judge

---

objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).