United States District Court
District of Massachusetts

```
_____
                                  )
ASYMMETRX MEDICAL, INC,           )
ASYMMETRX, INC.,                  )
FRANK McKEON, PETER McKEON,       )
ANNIE YANG WEAVER,                )
NANA YAMAMOTO, and                )
MATTHEW VINCENT,                  )    Civil Action No.
                                  )    11-11079-NMG
          Plaintiff-counter-      )
          defendants,             )
                                  )
          v.                      )
                                  )
MARIA McKEON,                     )
          Defendant-              )
          counterclaimant.        )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

This case involves an incorrigible dispute between family members and the consequential adverse impact on the family business. Currently pending before the Court are two motions to amend the pleadings and two motions seeking protective orders. In the interest of assisting the parties' preparations for the jury trial scheduled to commence on Tuesday, May 28, 2013 at 9:00 a.m., the Court now disposes of the motions in summary fashion.

I.   **Motions to Amend**

Fed. R. Civ. P. 15(a)(2) instructs a court when confronted with a motion to amend pleadings, "freely [to] give leave when justice so requires." District courts enjoy "significant

-1-

latitude in deciding whether to grant leave to amend" and reasons for denying leave include, <u>inter</u> <u>alia</u>, undue delay in filing the motion, undue prejudice to the opposing party and futility of amendment. <u>U.S. ex rel. Gagne</u> v. <u>City of Worcester</u>, 565 F.3d 40, 48 (1st Cir. 2009).  Amendment is futile when the amended complaint would still fail to survive a motion to dismiss. <u>See</u> <u>Adorno</u> v. <u>Crowley Towing and Transp. Co.</u>, 443 F.3d 122, 126 (1st Cir. 2006).

The parties have stipulated that the amendments are timely. Accordingly, the Court will focus on whether either amendment threatens undue prejudice or would be futile.

### A.    Defendant-counterclaimant's Motion to Amend the Answer and Counterclaim

Defendant Maria McKeon seeks leave to amend her counterclaim to reflect the settlement of claims and counterclaims between plaintiffs and former defendant Dr. Jun Liu which Ms. McKeon argues is relevant to Counts II, VII and VIII of her Counterclaim.  Although defendant's theory of recovery based upon those allegations is, indeed, convoluted, the Court cannot be certain at this stage that such amendment would be futile, as plaintiffs contend.  That is because fundamental facts such as the parties' ownership interests in Asymmetrx, Inc. ("AI") are in dispute.  Accordingly, defendant's motion to amend the answer and counterclaim will be allowed.

### B.   Plaintiffs' Motion to Amend the Second Amended Complaint

Plaintiffs seek leave to file a third amended complaint that would moderately revise their claims.  Such leave will be granted, except with respect to plaintiffs' proposed count alleging defendant was grossly negligent based upon the recent disclosure of AI's books and records.  Plaintiff does not contest defendant's characterization of that claim as one for breach of the duty of care under Delaware law. See Continuing Creditors' Comm. of Star Telecommunications, Inc. v. Edgecomb, 385 F. Supp. 2d 449, 464 (D. Del. 2004).  As argued by defendant, AI's certificate of incorporation exempts directors from personal liability for breaches of the duty of care except under the circumstances listed in 8 Del. C. § 102(b)(7) governing exculpatory provisions, none of which applies here.  Accordingly, defendant is either not an officer or director of AI and thus owes no duty of care, or is an officer or director but can not be held personally liable for her grossly negligent conduct.  Amendment in this respect would therefore be futile and will be denied.

## II.  Protective Orders

Fed. R. Civ. P. 26(c)(1) permits a court to issue a protective order to circumscribe discovery for good cause shown.  Although privilege constitutes such good cause, the party resisting discovery bears the burden of establishing that the

privilege is applicable. F.D.I.C. v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000).

Plaintiffs' motions requesting a protective order concerning settlement communications between plaintiffs, their counsel, and former defendant Dr. Jun Liu and his counsel will be denied. Such communications are not protected by the "common interest" doctrine. Contrary to plaintiffs' assertions, the Supreme Judicial Court decision adopting the "common interest" doctrine makes clear that the doctrine was created to protect communications between separate defendants mounting a joint defense. Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc., 449 Mass. 609, 612-13 (2007). Plaintiffs cite no authority for the proposition that the doctrine extends to settlement negotiations between adverse parties and the Court has no reason to believe any court has so held. See United States v. BDO Seidman, LLP, 492 F.3d 806, 816 (7th Cir. 2007) ("[T]he scope of the common interest doctrine is limited to a common legal interest to which the parties formed a common strategy."). Plaintiffs identify no specific counterclaim for which they and Dr. Liu needed to develop a common strategy and clearly such a common interest is not what led plaintiffs to pay Dr. Liu in exchange for his ownership interest in AI. Accordingly, common interest privilege does not justify a blanket protective order preventing discovery of the subject settlement discussions.

-4-

Second, plaintiffs request a protective order on certain document requests that seek discovery of communications among themselves or with Harvard University or the Proskauer law firm occurring after January 1, 2000 that relate to the this case. Those requests relate to privileged materials and, moreover, the motion is unopposed.  It will therefore be allowed.

### ORDER

In accordance with the foregoing,

1) defendant's motion to amend the answer and counterclaim (Docket No. 123) is **ALLOWED**;

2) plaintiffs' motion to amend its second amended complaint (Docket No. 131) is, with respect to adding a claim based upon gross negligence, **DENIED**, but, in all other respects, **ALLOWED**;

3) plaintiffs' motion for a protective order concerning settlement communications with Dr. Liu (Docket No. 125) is **DENIED**; and

4) plaintiffs' motion for a protective order concerning document requests 1, 4 and 7 made of Harvard University (Docket No. 138) is **ALLOWED**;

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 16, 2013

-5-