UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ASYMMETRX MEDICAL, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11079-NMG |
| MARIA McKEON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MARIA McKEON'S
MOTION FOR COURT RESOLUTION
OF DISPUTE RE: SETTLEMENT AGREEMENT**

On May 24, 2013, the parties entered into a Binding Settlement Term Sheet ("Term Sheet") setting forth the materials terms of a settlement. Pursuant to the Term Sheet, the parties agreed, *inter alia*, "to incorporate [those], and other, terms into a full Settlement Agreement." They further agreed that in the event of a "dispute between the parties as to the content of the full Settlement Agreement," the dispute would be resolved by this court, and "the resolution [would] be binding upon the parties." The matter is before the court on "Maria McKeon's Motion for Court Resolution of Dispute Re: Settlement Agreement" (Docket No. 211) by which the defendant, Maria McKeon, requests that the court resolve the parties' remaining disputes as to the language of a full and final Settlement Agreement. After consideration of the parties' written submissions and their oral arguments relating to the issues identified in Exhibit B to the defendant's motion, and in order to effectuate the intent of the parties as expressed in the Term Sheet,

the motion is hereby ALLOWED IN PART and DENIED IN PART as follows:

1.      With respect to Issue #1, the defendant's request for additional language is denied.  However, plaintiffs' counsel shall confirm that the LLC Operating Agreement provides that it is consistent with the terms of the Settlement Agreement.  If there is no such express reference, plaintiffs' counsel shall confirm that the LLC Operating Agreement is substantively consistent with the Settlement Agreement.

The defendant's request for authority to approve the LLC Operating Agreement is inconsistent with the Term Sheet.  Accordingly, that request is denied.

The defendant's request that 90% of all gross income be paid to AMI until the legal expenses required under paragraph 3 are paid in full goes beyond the scope of the Term Sheet and is therefore denied.

The defendant's request for language addressing the situation in which the royalty payment to Harvard is less than 10% also goes beyond the scope of the Term Sheet, and is therefore denied.

2.      With respect to Issue #2, the defendant's proposed language goes beyond the scope of the Term Sheet.  Therefore, the defendant's request for such language is denied.  However, the following language shall be inserted in place of the defendant's proposed language: "Any sale of any AsymmetRx Rights by the LLC shall be commercially reasonable."

3.      With respect to Issue #3, the defendant's proposed language is inconsistent with the Term Sheet.  Therefore, the defendant's request for such language is denied.

However, the following sentence shall be inserted before the sentence beginning with "Maria McKeon shall be responsible . . .": "Plaintiffs' counsel will provide defendant's counsel with a statement describing how the $419,000 was distributed, and shall confirm that such distributions were made in accordance with the provisions of this paragraph of the Settlement Agreement."

4. For the reasons stated above, the defendant's request to include the language proposed with respect to Issue #4 is denied.

5. With respect to Issues #5, 6 and 7, the language proposed for paragraph 6 exceeds the scope of the Term Sheet. Paragraph 6 of the Settlement Agreement shall be in the form included in the Term Sheet except that the following language shall be inserted after the phrase "To be clear": "Maria McKeon was a 17.5% shareholder in AMI until May 24, 2013, after which she became a 25% shareholder in AMI. Because" The balance of the paragraph shall remain the same as in the Term Sheet.

6. With respect to Issues #8, 9 and 10, paragraph 9 of the Settlement Agreement shall be amended to include the defendant's proposed language for Issues #8 and 10 because it merely clarifies and is consistent with the Term Sheet. However, the language proposed with respect to Issue #9 is inconsistent with the Term Sheet, and the defendant's request for such language is therefore denied.

7. The language proposed by the defendant with respect to Issue #11 exceeds the scope of the Term Sheet. Accordingly, the request for such language is denied.

8. The language proposed by the defendant with respect to Issue #12 clarifies

and is consistent with the Term Sheet.  Accordingly, the defendant's request for such language is allowed.

9.   With respect to Issue #13, the proposed language is either covered by paragraph 2 of the Settlement Agreement or exceeds the scope of the Term Sheet. Therefore, the defendant's request for such language is denied.

10.   With respect to Issue #14, to the extent the defendant is seeking the production of AI's or AMI's tax returns as part of the plaintiff's obligations under the Settlement Agreement, such a request is inconsistent with the Term Sheet and is therefore denied.  However, nothing herein shall be construed as a ruling as to whether or not the defendant is otherwise entitled to obtain the tax returns.

11.   With respect to Issue #15, some time period is necessary to effectuate the terms of the parties' agreement.  Accordingly, paragraph 14 shall be amended in order to state that payment shall be made within 21 calendar days of the end of each calendar quarter.

12.   The language proposed by the defendant with respect to Issue #16 clarifies the terms of the parties' agreement.  Accordingly, the defendant's request for such language is allowed.

13.   With respect to Issue #17, the language proposed by the defendant exceeds the scope of the Term Sheet.  Therefore, the defendant's request for such language is denied.

14.   As detailed above, the language proposed by the defendant with respect to

Issue #18 is inconsistent with the Term Sheet. The defendant's request for such language is therefore denied.

15.  With respect to Issue #19, the addition of an express reference to Biocare and Harvard in the first sentence is consistent with the parties' agreement. Accordingly, the defendant's request for such language is allowed. The balance of the proposed language exceeds the scope of the Term Sheet. However, it was the parties' intent that an independent accountant verify the amount of gross income, including the identity of the sources of such income. Therefore, the following sentence shall be inserted at the beginning of paragraph 15 of the Settlement Agreement: "On an annual basis, the plaintiffs' accountant shall provide a listing of sources of income to an accountant mutually acceptable to Maria McKeon and the LLC."

16.  The parties shall promptly finalize the terms of a written Settlement Agreement in accordance with this Order.

                                                   / s / Judith Gail Dein
                                                   Judith Gail Dein
                                                   United States Magistrate Judge

DATED: December 27, 2013