United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| ASYMMETRX MEDICAL, INC., ASYMMETRX, INC., PETER McKEON, FRANK McKEON, ANNIE YANG WEAVER, NANA YAMAMOTO, and MATTHEW P. VINCENT, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-11079-NMG |
| v. | ) ) | |
| MARIA McKEON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In May, 2013, on the eve of trial, the parties in this interminable family business dispute purportedly settled the case. They exchanged a Binding Settlement Term Sheet ("Term Sheet") which laid out the material provisions of their agreement. The parties appeared before this Court shortly thereafter to report the settlement and indicated that the Term Sheet would need to be converted into a final settlement agreement. In fact, the Term Sheet itself noted that the parties "agree to incorporate these, <u>and other</u>, terms into a full Settlement Agreement." (emphasis added). They further agreed that any dispute with respect to the content of the final

agreement would be resolved by this session of the Court (or Magistrate Judge Dein) and would be binding.

After exhaustive negotiations over several months, the parties apparently made progress on some, but not all, of the proposed supplemental provisions.[1]  Magistrate Judge Dein held a hearing in December, 2013, on a motion of defendant McKeon ("McKeon") to enforce the settlement.  The Court, working from a draft settlement agreement submitted by McKeon, heard oral argument on 19 disputed provisions, made rulings on all of them and instructed the parties to "promptly finalize" the terms of the ultimate agreement.

A final agreement was never executed and one year later, in December, 2014, McKeon filed the instant motion.  The parties continue to haggle over the "other terms" to be incorporated into the final written agreement.  In the meantime, their failure to resolve the issue prevents McKeon from commissioning the annual independent accounting of gross income of the LLC from which she can determine the amount to which she is entitled.

I.  **<u>Current Dispute</u>**

The dispute is essentially reduced to competing proposals over what ought to constitute the final settlement agreement.

---

[1] The parties reported to the Court in May, 2013, they expected the process to take no more than two weeks.

McKeon argues that her draft final settlement agreement, which incorporates Magistrate Judge Dein's December, 2013 amendments, constitutes the authentic version. Plaintiffs ("the AsymmetRx parties") disagree and contend that the agreement is simply the original Term Sheet, specifically amended to reflect Magistrate Judge Dein's December, 2013 Order.[2]

The Court finds the contentions of the AsymmetRx parties wanting for several reasons:

First, as noted above, the Term Sheet itself explicitly contemplated that additional terms would be incorporated to create a final settlement agreement. That was confirmed by the parties at the hearing in May, 2013. The AsymmetRx parties also assured Magistrate Judge Dein that they would continue negotiations to supplement the Term Sheet. It is illogical and inconsistent for them now to suggest that the original Term Sheet constitutes the final agreement.

Second, the proposed final agreement submitted by McKeon is the identical document utilized by Magistrate Judge Dein at the hearing, as amended in accordance with her December, 2013 Order. That document includes provisions not in the Term Sheet that

---

[2] That being said, in at least one instance, the proposal submitted by the AsymmetRx parties misreads Magistrate Judge Dein's Order and incorrectly removes a provision that should have been incorporated from the original Term Sheet.

were negotiated and purportedly agreed to prior to the December, 2013 hearing.

At that proceeding, before hearing argument on the 19 disputed issues, Magistrate Judge Dein asked the AsymmetRx parties if there was a different version that they were offering for her consideration. They responded that the original Term Sheet was their alternative and failed to offer anything more when exhorted. Accordingly, the Magistrate Judge utilized McKeon's proposed version and the AsymmetRx parties did not object. In fact, in her Order, Magistrate Judge Dein referred to McKeon's submission as the operative document when ruling on the subject disputes.

Finally, plaintiffs' own conduct contradicts their argument. On the one hand, the AsymmetRx parties assert that the Term Sheet, as amended by Magistrate Judge Dein, ought to constitute the final agreement. On the other hand, they have routinely continued, before and after the December, 2013 hearing, to negotiate supplemental terms to be included in the final agreement.

The AsymmetRx parties contend that they continued to negotiate merely as a good faith attempt to resolve the dispute. That is disingenuous in light of the specific language in the Term Sheet that calls for "these, and other, terms" to be incorporated in the final settlement agreement. Even now, the

AsymmetRx parties contend that if the Court opts not to enforce the original Term Sheet, as amended, it should adopt a third version that they recently drafted which incorporates much of the language from McKeon's 2013 proposal. Their vacillation is unavailing.

Accordingly, the Court will allow McKeon's motion and will instruct the parties to execute her draft final settlement agreement.

## ORDER

For the foregoing reasons, defendant Maria McKeon's motion to enforce the December 27, 2013 Order (Docket No. 231) is **ALLOWED**. The parties shall sign and execute defendant's proposed version of the final settlement agreement (Docket No. 233, Exh. C) within 14 days of the date of this Order. Once executed, that document shall serve as the final settlement agreement between the parties in this case.

**So ordered.**

  /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 3, 2015